Louis H. SHIPKOWSKI

v.

UNITED STATES STEEL CORPORATION.

Civ. A. No. 83–2409.

United States District Court, E.D. Pennsylvania.

Nov. 29, 1983.

Michael A. Klimpl, Doylestown, Pa., for plaintiff.

R.M. Guttshall, III, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

KELLY, District Judge.

Before the court are defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action, and plaintiff's reply thereto. The facts of the case are uncontroverted. Plaintiff was hired by defendant twenty-eight years ago and had an unblemished employment record, having worked his way up through the ranks to the position of foreman. In July, 1981, plaintiff was caught stealing four paint brushes, total value of approximately fifteen dollars from his employer's plant. The company terminated his employment immediately and has refused to consider rehiring him under any terms or conditions.

Plaintiff at the time of his termination was approximately one month away from eligibility for a retirement plan with substantially more favorable benefits than the plan for which he qualified as a result of his discharge.

Plaintiff has instituted this lawsuit, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Age Discrimination in Employment Act of 1967 ("ADEA") also asserting pendent state law claims couched in: (1) wrongful discharge, (2) *prima facie* tort alleging defendant's actions were solely and intentionally to inflict harm and damage, (3) breach of an implied covenant of good faith and fair dealing, and (4) infliction of emotional distress. Defendant had filed a motion to dismiss the pendent state claims and has neither answered nor moved against the two federal claims.

With regard to a motion to dismiss for failure to state a cause of action[1] plaintiff's complaint must be construed in the light most favorable to plaintiff accepting as true all allegations made on his part. *Bishop v. Wood,* 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 2079 n. 11, 48 L.Ed.2d 684 (1975); *Paolino v. Channel Home Centers* 668 F.2d 721, 722 (3d Cir.1981).

Plaintiff in Count Three of his Complaint alleges wrongful discharge and defendant asserts he fails to state such a claim because the general rule in Pennsylvania is that at-will employees, absent a statutory or contractual provision to the contrary, may be terminated at any time, for any reason or for no reason.

■ The most recent analysis by the Third Circuit Court of Appeals of the Pennsylvania at-will employment doctrine is *Novosel v. Nationwide Insurance Co.,* 721 F.2d 894 (3rd Cir., 1983) (per curiam), wherein the Court held that the Pennsylvania Supreme Court has permitted a cause of action for wrongful discharge where there is a clear violation of public policy. In *Novosel v. Nationwide Insurance Co.,* 721 F.2d at 896 (3rd Cir., 1983) (per curiam) the plaintiff was discharged by the defendant for not participating in a company effort to lobby the Pennsylvania House of Representatives. Speaking for the Court in *Novosel v. Nationwide Insurance Co.,* 721 F.2d at 898 (3rd Cir., 1983) (per curiam) Judge Adams wrote, *inter alia,* "Applying the logic of *Geary,* we find that Pennsylvania law permits a cause of action for wrongful discharge where the employment termination contravenes a significant and recognized public policy." Thus, contrary to defendant's position, Pennsylvania law does permit a cause of action for wrongful discharge.

■ In *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974), the plaintiff was discharged without notice after fourteen years of employment by de-

---

**1.** The defendant's motion is brought pursuant to the Federal Rules of Civil Procedure, specifically Rule 12(b)(6).

fendant U.S. Steel. Plaintiff had made a complaint about a product's safety, and pressed his complaint past his supervisor to the company vice-president. The product was later removed from the market. Geary was discharged for making a nuisance of himself and for the benefit of the company's administrative order. In Geary's complaint there was no allegation of an "ulterior purpose" for his discharge as in the case at bar. *Geary*, 456 Pa. at 180, 319 A.2d at 178. Here plaintiff asserts that his discharge was made by defendant to substantially reduce his pension benefits that would have substantially increased in about a month. (Complaint at 1, Preliminary Statement) And younger employees with more severe violations of company policy have not been fired. (Complaint at 4 para. 19).

The Court in *Geary*, stated, "There is nothing here from which we could infer that the company fired Geary for the specific purpose of causing him harm ...", *Geary*, 456 Pa. at 180, 319 A.2d at 178, whereas in Shipkowski's case there may well be.

I am not dismissing plaintiff's wrongful discharge cause of action because discovery may uncover evidence dispositive of the factual issues in his favor. Whether or not the plaintiff will prevail on the merits need not be decided at this time. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Plaintiff has complied with the federal and local rules and has stated enough in his complaint sufficiently detailed to survive a motion to dismiss. *Williams v. United Credit Plan of Chal-mette, Inc.*, 526 F.2d 713 (5th Cir.1976). Therefore defendant's motion to dismiss this count is DENIED.[2]

■ Plaintiff in Count Four of his complaint alleges a cause of action for *prima facie* tort. Research has revealed *no* Pennsylvania decision adopting this theory of tort in relation to at-will employment. Plaintiff's memorandum of law admits this to be the case but asks the court to keep the action because it is similar to the tort of infliction of emotional distress. Plaintiff has in his complaint a claim for emotional distress[3] and he should not be permitted to seek relief on two identical causes of action in two separate counts in the same complaint. Count Four of plaintiff's complaint for *prima facie* tort will be dismissed.

■ In Count Five of plaintiff's complaint is an alleged cause of action for breach of the covenant of good faith. This action is based on section 205 of the Restatement Second of Contracts.[4] Involved in the determination of such a contractual claim are fact issues relating thereto, i.e., whether or not the parties' relationship constituted a contract. As these are questions of fact to be determined by a jury defendant's motion to dismiss as to this count must fail.

Defendant asserts that *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910, 913 (3d Cir.1982), is authority for dismissal because it appears to make this covenant inapplicable to employment at-will. However, in *Bruffett* the plaintiff was employed for one month; in the case at bar,

2. *Geary* was the last decision of the Pennsylvania Supreme Court on the relevant issue. Since that time, however, there have been several decisions of the Superior Court with language embracing the *Geary* dictum establishing a cause of action for wrongful discharge. *See, Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Division*, 281 Pa.Super. 560, 422 A.2d 611 (1980); *Hunter v. Port Authority of Allegheny County*, 277 Pa.Super. 4, 419 A.2d 631 (1980); *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978). None of those cases raised the issues presented here because there was no state statutory remedy to which the employee could resort.

3. In Count Six of plaintiff's complaint, paragraphs 28 to 30 inclusively plaintiff alleges a cause of action based on infliction of emotional distress.

4. Restatement (Second) of Contracts § 205 (1965) Duty of Good Faith and Fair Dealing:
   Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.
   *See also,* Reporters' Notes of this section for cases applying the good-faith requirement to the at-will employment situation.

plaintiff Shipkowski, was employed for almost twenty-eight years.

I see a tremendous distinction in the factual settings. Here the plaintiff should be given an opportunity to demonstrate that his at-will employment was somehow modified by defendant's course of conduct during his long term of employment. Defendant's motion is DENIED as to Count Five.

■ Finally, in Count Six, plaintiff alleges a cause of action sounding in infliction of emotional distress. There are four elements in such a cause of action: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *Bruffett v. Warner Communications, Inc., supra,* at 692 F.2d 914; *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265, 1273 (3rd Cir.1979); *Lekich v. International Business Machines Corp.,* 469 F.Supp. 485 (E.D.Pa.1979); Restatement (Second) of Torts, Section 46 (1965).

■ The issue before the court is not, as defendant argues, whether plaintiff will ultimately prevail, but whether, he is entitled to offer evidence in support of his claim. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Where a complaint advanced colorable claims, *Geisler v. Petrocelli,* 616 F.2d 636 (2nd Cir. 1980), or claims where the likelihood of recovery is remote, *United States v. City of Redwood City,* 640 F.2d 963 (9th Cir. 1981), a motion to dismiss should be denied. Therefore, defendant's motion to dismiss Count Six is DENIED.