Marilyn **REVIS**, Plaintiff,

v.

**SLOCOMB INDUSTRIES,
INC.**, Defendant.

**Civ. A. No. 91–025 MMS.**

United States District Court,
D. Delaware.

June 12, 1991.

Mark F. Schoenbeck of Schoenbeck & Schoenbeck, P.A., Wilmington, Del., for plaintiff.

Barry M. Willoughby and James F. Maher of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Plaintiff Marilyn Revis filed a complaint asserting that defendant, Slocomb Industries, Inc., (a) denied her a promotion on the basis of her race, (b) discharged her in retaliation for filing a discrimination complaint with the Philadelphia Branch Office of the Equal Employment Opportunity Commission ("EEOC"), and (c) subjected her to racial harassment in the course of her employment.[1] Plaintiff asserts that the alleged actions of the defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Defendant has moved for partial judgment on the pleadings, arguing that plaintiff is not entitled to relief under Section 1981.[2] Defendant also seeks to "dismiss" plaintiff's request for a jury trial, punitive damages and damages for pain and suffering in light of the allegedly invalid Section 1981 claims.[3] During the hearing on the motion, plaintiff withdrew her Section 1981 claim for racial harassment in light of the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and conceded that she would not be entitled to a jury trial and punitive or compensatory

damages in the event that her Section 1981 claims are found to be invalid.

For the reasons that follow, defendant's motion will be granted in part and denied in part.

## I. STANDARD

■ "In evaluating a Rule 12(c) motion, the court must view the pleadings in the light most favorable to, and draw all inferences in favor of, the nonmoving party.... The court must take 'the well-pleaded facts alleged in the complaint as ... admitted,' ... and may not dismiss the complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Madonna v. U.S.*, 878 F.2d 62, 65 (2d Cir.1989) (citations omitted). The court may "grant the motion only if the moving party establishes that no material issue of fact remains and that it is entitled to judgment as a matter of law." *Shelly v. Johns–Manville Corp.*, 798 F.2d 93, 97 n. 4 (3d Cir.1986).

## II. DISCUSSION

42 U.S.C. § 1981 reads as follows:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

■ In *Patterson, supra,* the Supreme Court significantly narrowed the reach of Section 1981 to two areas in the context of employment discrimination suits. The Court held Section 1981 prohibits racial discrimination only with respect to the rights

---

**1.** The complaint initially contained a fourth count for defendant's "wanton disregard of the plaintiff's constitutional rights". The parties have filed a stipulation dismissing this fourth count with prejudice. See Docket Item ("Dkt.") 15.

**2.** The defendant labeled its motion as a motion to dismiss, presumably under Rule 12(b)(6). Because the motion was filed after answer, it is

in effect a motion for judgment on the pleadings under Rule 12(c). *See Hayes v. Community General Osteopathic Hospital,* 730 F.Supp. 1333, 1334, n. 1 (E.D.Pa.1990).

**3.** Defendant's requests are properly motions to strike under Rule 12(h) of the Federal Rules of Civil Procedure.

to make and to enforce contracts. "Where an alleged act of discrimination does not involve the impairment of one of these specific rights, § 1981 provides no relief." *Id.*, 491 U.S. at 176, 109 S.Ct. at 2372. Section 1981's prohibition against racial discrimination in the *making* of contracts extends only to conduct at the formation of a contract.

> [T]he right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII.

*Id.*, at 177, 109 S.Ct. at 2373.

■ The Court further confined the scope of protection under Section 1981 concerning the *enforcement* of contracts to discriminatory conduct which impairs an employee's ability to enforce established contract rights through legal process. *Id.*, at 177–78, 109 S.Ct. at 2373–74. With these standards in mind, attention is turned to plaintiff's specific complaints.

### A. *Section 1981 Claim for Retaliatory Discharge*

■ While the Third Circuit Court of Appeals has not addressed the impact of *Patterson* upon Section 1981 retaliatory discharge claims, it is evident that a retaliatory discharge is postformation conduct which does not relate to the making of a contract. *See Carter v. South Central Bell Telephone Co.*, 912 F.2d 832, 840–41 (5th Cir.1990); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1534–35 (11th Cir.1990); *Overby v. Chevron USA, Inc.*, 884 F.2d 470, 472 (9th Cir.1989). Given the existing contractual relationship, a retaliatory discharge obviously is a postformation event which does not impair or impede an employee's right to make a contract.

Some courts have held that *Patterson* bars any relief whatsoever under Section 1981 for retaliatory discharge, *see Carter supra; Williams v. First Union National Bank of North Carolina*, 920 F.2d 232, 234–35 (4th Cir.1990); *Maldonado v. Metra*, 743 F.Supp. 563, 566 (N.D.Ill.1990). Others have dicta to the effect that a retaliatory discharge may implicate a right to enforce contracts. Those courts have explained that racially motivated retaliatory discharge for enforcement of contract rights, such as bringing an action for pay or pension rights under a contract, might be actionable under § 1981. This is so because such conduct impairs the right to enforce a contract. *See Patterson*, at 177–78. *See also Chambers v. Southwestern Bell Telephone Co.*, 917 F.2d 5, 7 (5th Cir.1990); *McKnight v. General Motors Corp.*, 908 F.2d 104, 111 (7th Cir.1990); *Sherman, supra; Dash v. Equitable Life Assurance Society of U.S.*, 753 F.Supp. 1062, 1067 (E.D.N.Y.1990).

■ Even if this latter view were the law in the Third Circuit, it is of no avail to the plaintiff. When she filed her complaint of discriminatory treatment with the EEOC, she asserted a right afforded to her by the Civil Rights statutes, not a right established by her employment contract. This distinction is crucial in light of *Patterson's* emphasis that Section 1981's protection against racial discrimination relates to the enforcement of *established contract* rights. *Patterson*, 491 U.S. at 178, 109 S.Ct. at 2373. *See also McKnight, supra; Overby, supra.* Further, the Supreme Court's mandate in *Patterson* specifically cautioned against reading Section 1981 so broadly that it "would undermine the detailed and well-crafted procedures for conciliation and resolution of Title VII claims." *Patterson* at 181, 109 S.Ct. at 2375. Courts "should be reluctant, however, to read an earlier statute broadly where the result is to circumvent the detailed remedial scheme constructed in a later statute." *Id.*

The court concludes that *Patterson* bars the plaintiff's Section 1981 claim for retaliatory discharge. The court's decision, however, does not deprive the plaintiff of a remedy. Title VII affords an employee protection from retaliatory discharge for

filing a discrimination complaint with the EEOC. *See* 42 U.S.C. § 2000e–3(a). In this case, the plaintiff has asserted such a claim.

### B. *Section 1981 Claim for Failure to Promote*

In *Patterson*, at 185, 109 S.Ct. at 2377, the Supreme Court observed:

> [T]he question whether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in position was such that it involved the *opportunity to enter into a new contract with the employers. If so, then the employer's refusal to enter the new contract is actionable under § 1981.* In making this determination, a lower court should give a fair and natural reading to the statutory phrase "the same right ... to make ... contracts," and should not strain in an undue manner the language of § 1981. *Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under Section 1981.* Cf. *Hishon v. King & Spaulding* [*Spalding* ], 467 U.S. 69 [104 S.Ct. 2229, 81 L.Ed.2d 59] (1984). [Emphasis added]

Consequently, defendant's denial of plaintiff's promotion is actionable under Section 1981 if the promotion was an opportunity for a new and distinct relation between the parties.

Defendant urges the court to grant its motion in light of plaintiff's failure to plead expressly that the promotion would have entailed a new and distinct relation. However, the complaint alleges that the defendant excludes most blacks, including the plaintiff, on account of their race, from supervisory, managerial or professional jobs and all blacks, including the plaintiff, from supervisory and managerial positions in defendant's office. These allegations in the complaint give rise to an inference that if plaintiff were in a managerial or supervisory position, she would be in a new and distinct relationship with her employer.

A defendant will not succeed on a motion under Rule 12(c) if there are allegations in plaintiff's pleadings that, if proved, permit recovery. 5A Wright & Miller, *Federal Practice & Procedure,* ¶ 1368 at 527–28 (2d ed.1990). The court finds that plaintiff has not failed to allege any facts in support of her claim. The defendant's motion for partial judgment on the pleadings with respect to plaintiff's Section 1981 claim relating to the denial of promotion will be denied.[4]

### III. CONCLUSION

For the reasons stated above, the defendant's motion for partial judgment on the pleadings is granted in part and denied in part. An appropriate order will follow.

---

**4.** As a consequence, the defendant's motion to strike the request for a jury trial and compensa-

tory and punitive damages will be denied.