**David G. FINCH, Plaintiff,**

v.

**HERCULES INCORPORATED, Defendant.**

**Civ. A. No. 92–251 MMS.**

United States District Court, D. Delaware.

Dec. 30, 1992.

---

**310**

Richard G. Elliott, Jr. and Theodosia Price of Richards, Layton & Finger, Wilmington, DE, for plaintiff.

Sheldon N. Sandler of Young, Conaway, Stargatt & Taylor, Wilmington, DE, for defendant.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Currently before the Court is the defendant's motion for judgment on the pleadings. According to the complaint, the plaintiff, David G. Finch ("Finch"), was discriminated against by defendant, Hercules Incorporated ("Hercules"), because of his age. Docket Item ("D.I.") 1. Within his complaint, Finch has alleged two counts. His first count arises under the Age Discrimination in Employment Act. 29 U.S.C. §§ 621–634 (1990 & Supp.1992). His second count, a vaguely asserted state law pendent count, is based on an alleged pub-

lic policy of the State of Delaware. Defendant's motion is directed to the second count. For the reasons which follow defendant's motion will be granted.

### I.

Because the motion was filed after the close of the pleadings, the motion is properly a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(c). In the motion itself, however, the defendant has argued that the plaintiff has failed to state a claim upon which relief can be granted. While such a motion may be brought before the close of the pleadings as a Rule 12(b)(6) motion, Rule 12(h)(2) allows a party to bring "[a] defense of failure to state a claim upon which relief can be granted ... by motion for judgment on the pleadings...." Fed.R.Civ.P. 12(h)(2). Whether the motion is before the court as a 12(b)(6) motion or a 12(c) motion, "[t]he same standards will apply to the resolution ... regardless of which type of motion is used." *Miller v. Indiana Hosp.*, 562 F.Supp. 1259, 1266 (W.D.Pa.1983).

"[A] count of a complaint may be dismissed for failure to state a claim only if, when accepting all factual allegations as true and drawing all reasonable inferences from these facts, no relief would be granted under any set of facts that could be proved." *In re Delmarva Sec. Litig.*, 794 F.Supp. 1293, 1298 (D.Del.1992) (applying Rule 12(b)(6)). *Compare Revis v. Slocomb*, 765 F.Supp. 1212, 1213 (D.Del.1991) (applying Rule 12(c) and finding a court may not dismiss complaint unless it appears beyond doubt plaintiff can prove no set of facts entitling him to relief). In applying this standard, the burden to show a failure of the claim rests with the moving party. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980).

### II.

The plaintiff recites the heart of the second count in paragraph 23 of his complaint. Paragraph 23 reads, in total, "Hercules, motivated by bad faith and malice, wrongfully discharged the Plaintiff in violation of

the public policy against employment discrimination based on age, as codified in the ADEA and the Delaware Fair Employment Practices Act, 19 *Del.C.* §§ 710–718." D.I. 1 at ¶ 23.

This paragraph could be read to state one of two claims, both of which would be governed by the substantive law of the State of Delaware. First, it could be a claim for discharge of an at-will employee in violation of public policy. Second, it could be read as alleging a common law tort claim of malicious discharge. As the Delaware Supreme Court has not directly addressed the issues presented in this motion, this Court must predict what action that court would take. "In attempting to forecast state law, [a court] must 'consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" *Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 230 (3d Cir.1992) (quoting *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 663 (3d Cir.) *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980)).

### A. *The At–Will Doctrine*

The Delaware Supreme Court has never recognized a public policy exception to an employer's ability to dismiss an at-will employee. However, in *Merrill v. Crothall–American, Inc.*, 606 A.2d 96 (Del.1992), the Delaware Supreme Court recognized that an implied covenant of good faith and fair dealing may be breached in some circumstances by termination of an at-will employee. The court there stated:

Finally, we do not rest our holding on, nor do we consider, what constitutes justification for termination of an at-will employment contract. Although the implied covenant of good faith and fair dealing may be breached by termination in some circumstances, *see, e.g. Magnan [v. Anaconda Industries, Inc.]* [37 Conn. Supp. 38], 429 A.2d [492] at 494 [(1980)]; *Fortune [v. National Cash Register Co.]* [373 Mass. 96], 364 N.E.2d [1251] at 1255–6 [1977]; *Monge [v. Beebe Rubber Co.]* [114 N.H. 130], 316 A.2d [549] at 551

[1974], or some other public policy implicated by such a termination, we have not addressed such concerns. This case involves a claim that the employer deceptively induced the employee to enter into an employment contract. The termination of employment merely gave effect to the deception. The asserted bad faith is therefore more analogous to a charge of fraud in the inducement than one of wrongful discharge. Nothing said here is to be construed as limiting an employer's freedom to terminate an at-will employment contract for its legitimate business, or even highly subjective, reasons. Such a contract is still terminable by either party for any reason not motivated by bad faith.

*Id.* at 102–03. In at least two instances, however, the Delaware Superior Court has recognized exceptions, albeit not public policy exceptions.

In *Heller v. Dover Warehouse Mkt., Inc.*, the Delaware Superior Court found a "statutory exception to the at-will employee doctrine." *Heller*, 515 A.2d 178, 181 (Del.Super.Ct.1986). In *Heller*, the employee had been forced to undergo a polygraph test, despite a statutory prohibition of such a practice. The analysis in the case, however, did not focus on gleaning public policy from Delaware statutes. Instead, the court found an implied right of action under the statute upon which plaintiff could sue. Because this implied right allowed an at-will employee to sue for wrongful discharge, the implied right by necessity formed an exception to the at-will employee doctrine.

In a second case, *Henze v. Alloy Surfaces Co.*, the employer had allegedly directed the plaintiff to "set prices on the government contracts in excess of that provided for in the federal regulations." *Henze*, CA No. 91C–06–20, slip op. at 1, 1992 WL 51861 (Del.Super.Ct. March 16, 1992). Referring to the growing number of states which recognize a public policy exception to the at-will doctrine, the court found a valid cause of action. *Id.* at 4. In so doing the Superior Court effectively

identified a second exception to the at-will employee doctrine.

Turning to the instant case, the State of Delaware has in place a statutory scheme governing matters related to employment discrimination. Del.Code Ann. tit 19 §§ 710–718 (1985 & Supp.1992). The administrative scheme has been accurately described by plaintiff as follows:

> The FEPA parallels Title VII and the ADEA in many respects. It contains no exclusive remedy provision. Even if it did, however, Plaintiff did not seek to invoke it.

> The FEPA allows claims to be filed at the Delaware Department of Labor (the "Department"). 19 Del.C. § 712(d). After a charge is filed, the Department will send the employer the Charge of Discrimination, a No Fault Settlement Invitation, a Fact Finding Conference Form, and a questionnaire. If the parties cannot negotiate a settlement, the Department will proceed with its investigation. 19 Del.C. § 712(b). The Department usually holds a fact finding conference as part of its investigation, and the parties are required to attend. After completing its investigation, if no "reasonable cause" is found to believe that the charging party's allegations of discrimination were correct, the charge will be dismissed. If "reasonable cause" is found, the Department will attempt to reach a conciliation agreement with the employer. 19 Del.C. § 712(c).

> In the event that no agreement can be reached, the Department will prepare a Complaint for a hearing before the Equal Employment Review Board. 19 Del.C. § 712(e). The parties are permitted to submit briefs up to five days before the hearing. The Board will conduct a hearing on the record in which each side may present its case. If the Board finds discrimination it will also prescribe a remedy. 19 Del.C. § 712(g).

> Either party may appeal the decision of the Board to the Superior Court. The court's only function is to determine whether there is "substantial evidence" in the record to support the Board's findings of fact and determinations of law. 19 Del.C. § 712(k); Giles v. Family Court, 411 A.2d 599 (Del.1980). In addition, the Attorney General may file suit in the Court of Chancery when he or she has reasonable cause to believe an employer or group of employers is engaged in a pattern or practice of violation the Act. 19 Del.C. § 713.

D.I. 12, pp. 6–7.[1]

■ Given that only careful incursions have thus far been made upon the employment at-will doctrine, the Court is convinced the Delaware Supreme Court would not create a common law public policy exception to the employment at-will doctrine where there is in place an elaborate statutory scheme addressing the same public policy concerns.

This result comports with analogous cases by the United States Court of Appeals for the Third Circuit. In Blum v. Witco Chem. Corp., 829 F.2d 367, 377 (3d Cir.1987), the Court of Appeals stated, "Given the comprehensive remedies available under the state and federal statutes, we find it unlikely that New Jersey would expand its wrongful discharge doctrine, which is a narrow exception to the employment at will rule, to include an action for age discrimination." In Bruffett v. Warner Communications, Inc., 692 F.2d 910, 920 (3d Cir.1982), the Third Circuit found that because the plaintiff "was free to utilize the statutory remedies provided by the Pennsylvania legislature for discrimination on the basis of handicap or disability, we believe Pennsylvania would not create a common law remedy in this situation."

Therefore, insofar as paragraph 23 of the plaintiff's complaint may be read to allege a claim for discharge of an at-will employee in violation of public policy of the State of Delaware, this Court determines such claim must fail as a matter of law. Defendant's motion will therefore be granted if the

---

1. Finch did not utilize the state administrative scheme. Instead, he filed his initial charge under the ADEA with the Delaware Department of Labor which referred the matter to the federal Equal Employment Opportunity Commission.

alternative reading of paragraph 23, i.e., as a claim for malicious discharge, is also unsustainable.

## B. *Malicious Discharge*

The other claim plausibly asserted in paragraph 23 of plaintiff's complaint is one for wrongful discharge. Plaintiff contends that such a state law claim exists and is not preempted by the comprehensive state and federal schemes developed to remedy actions such as those about which the plaintiff complains. This Court disagrees.

In support of its assertion that such a cause of action is not preempted by state or federal law addressing discrimination, plaintiff relies upon *Foley v. Presbyterian Ministers' Fund*, 749 F.Supp. 109 (E.D.Pa. 1990). There the court found that federal and state statutory schemes did not preempt a Pennsylvania common law cause of action for wrongful discharge with specific intent to harm. Specifically, the plaintiff quotes the following language from *Foley:*

> [P]laintiff's cause of action for wrongful discharge alleges an additional injury that falls beyond the scope of the harm that these statutes are designed to redress. To wit, neither age discrimination nor pension rights statutes are precisely responsive to the element of malicious conduct which underlies plaintiff's cause of action for wrongful discharge with specific intent to harm.

*Id.* at 112.

However, plaintiff's claim here fails even assuming, without deciding, that plaintiff's additional allegations of malicious acts in the course of discharge are sufficient to bring his claim outside the state and federal schemes and thereby prevent preemption of such claim. Notwithstanding plaintiff's reference to *Foley*, a case dealing with Pennsylvania common law, plaintiff has presented no authority demonstrating a cause of action for malicious discharge exists under Delaware law. Therefore, even if a state law claim for "wrongful discharge with specific intent to harm" would not be preempted, the particular circumstances of this case require dismissal of plaintiff's claim. Here, in response to defendant's motion to dismiss, plaintiff has not even addressed the issue whether the claim he arguably seeks to bring is cognizable under Delaware law.

## III.

For the forgoing reasons, defendant's motion to dismiss the plaintiff's second count for failure to state a claim will be granted.