Linda T. SCHUSTER, Plaintiff Below, Appellant,

v.

Valentino P. DEROCILI, Compliance Environmental, Incorporated, a Delaware Corporation, Defendant Below, Appellees.

No. 337, 2000.

Supreme Court of Delaware.

Submitted: March 13, 2001.
Decided: June 15, 2001.

Scott E. Chambers, Schmittinger and Rodriguez, Dover, Delaware, for appellant.

Jeremy W. Homer, Parkowski, Noble & Guerke, Dover, Delaware, for appellees.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices.

STEELE, Justice.

Linda T. Schuster, a former employee-at-will of Compliance Environmental Incorporated, appeals the Superior Court's grant of summary judgment to Compliance and its president, Valentino P. Derocili. Schuster argues that the Superior Court erred when it found that termination of her at-will employment based upon her refusal to submit to her employer's alleged sexual advances did not constitute a valid cause of action for breach of contract. Schuster also argues that Derocili slandered her when, during a meeting attended by Derocili, Schuster and Schuster's supervisor, Derocili stated that he terminated Schuster's employment because her work performance was substandard.

We find that the Superior Court erred when it found that Schuster's complaint did not allege a valid cause of action that Derocili had breached an implied covenant of good faith and fair dealing contained in her at-will contract of employment. We further find that the Superior Court correctly dismissed Schuster's slander claim. Therefore, we **REVERSE** in part, **AFFIRM** in part and **REMAND** this case to the Superior Court for proceedings consistent with this opinion.

I

On September 2, 1997, Schuster began working temporarily as an administrative assistant for Compliance. On October 13, 1997, Schuster began working full-time for Compliance under a written employment agreement, which could be terminated by either party giving thirty days written notice. Schuster worked primarily for Derocili, the president and controlling shareholder of Compliance.

Schuster contends that Derocili began making sexual comments and innuendos towards her several weeks after she began to work at Compliance. Schuster contends that Derocili began touching her inappropriately by hugging her, putting his hands on her chest and/or legs, putting his fingers between her cleavage and attempting to kiss her on the lips. Schuster contends that despite informing Derocili that his conduct made her uncomfortable, he continued to make advances towards her. Schuster complained to two co-workers about Derocili, and after consulting her pastor, she began recording Derocili's conduct in a journal and rejecting Derocili's advances more forcefully. Derocili admitted that there was touching between him and Schuster but contends that Schuster "mischaracterizes" the contact.

In December 1998, Derocili fired Schuster in a face-to-face meeting attended by Brian Goff, Schuster's supervisor. At the meeting, Derocili handed Schuster a termination memorandum that stated Schuster's termination resulted from substandard job performance. Believing that the statements in the memorandum were false and that Derocili actually terminated her merely for refusing his sexual advances, Schuster refused to sign the memorandum. Schuster also contends that during the meeting, Derocili made slanderous remarks about her. Goff testified at a deposition that Schuster's work was "unsatisfactory in all respects."[1] Schuster's termination, however, came only seven days after she had received a $500 performance-based bonus. Schuster had also completed a ninety day probationary period, received several pay raises and another performance-based bonus during that time.

On February 4, 1999, Schuster filed this suit in the Superior Court. On March 8, 1999, Schuster filed a complaint with the

---

1. Appx. to Appellee's Op.Br. at A–30.

Delaware Department of Labor. The Department of Labor determined that Schuster failed to substantiate her allegation that Derocili sexually harassed her and dismissed her complaint on October 29, 1999.[2] On June 15, 2000, the Superior Court granted Derocili's motion for summary judgment. Schuster filed a timely notice of appeal.

## II

█ This Court reviews "the grant of summary judgment *de novo* both as to the facts and law in order to determine whether or not the undisputed facts entitled the movant to judgment as a matter of law."[3] The Court must "examine the record to determine whether, after viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that no material issues of fact are in dispute and it is entitled to judgment as a matter of law."[4]

First, we address whether there exists a common law cause of action for sexual harassment based upon a breach of the implied covenant of good faith and fair dealing exception to the at-will employment doctrine where the termination is alleged to have violated a recognized, legally cognizable public policy exception to at-will employment. Second, we determine whether the General Assembly intended 19 *Del.C.* § 710 *et. seq.*, Delaware's Discrimination in Employment Statute, to be the sole remedy for a claim of sexual harassment by a terminated employee. Third, we consider whether Schuster's

claim contains a viable cause of action against Derocili for deceitfully manufacturing false grounds for her dismissal. Finally, we address Schuster's slander claim.

## III

May Schuster bring a common law cause of action for sexual harassment based on a breach of an implied covenant of good faith and fair dealing exception to the at-will employment doctrine because her employer terminated her contrary to public policy? Schuster argues that the Superior Court erred when it found that 19 *Del.C.* § 710 *et. seq.*, the Delaware Discrimination in Employment Statute, offers the exclusive remedy for her claim because, she argues, there is no legal authority that filing a claim with the Department of Labor "is to the exclusion of other remedies."[5] Schuster argues that "[w]hile 19 *Del.C.* § 712 authorizes the Department of Labor to prevent unlawful employment practices, it does not abrogate an employee's right to assert [a] private cause of action against the employer. Rather, it merely empowers the Department of Labor and the Attorney General's Office with enforcement powers against employers found to be in violation of this subchapter."[6]

The Superior Court found that Schuster failed to present a valid cause of action because "Delaware has not recognized a common law cause of action for employment discrimination, including sexual harassment"[7] because there is already a statutory scheme in place to address her

---

**2.** *See* Appx. to Appellee's Op.Br. at A–20–23.

**3.** *Mason v. United Services Automobile Association,* Del.Supr., 697 A.2d 388, 392 (1997); *United Vanguard Fund, Inc. v. TakeCare, Inc.,* Del.Supr., 693 A.2d 1076, 1079 (1997).

**4.** *Mason,* at 392; *Burkhart v. Davies,* Del. Supr., 602 A.2d 56, 59 (1991).

**5.** Appellant's Op.Br. at 14.

**6.** *Id.*

**7.** Del.Super., C.A. No. 99C–02–004, Witham, J., 2000 WL 1211504 (June 15, 2000) Order at 5 (citing *Wright v. ICI Americas Inc.,* D.Del., 813 F.Supp. 1083, 1091 (1993); *Drainer v. O'Donnell,* Del.Super., C.A. No. 94C–08–062, Alford, J., 1995 WL 338700 (July 28, 1995)).

claim. The Superior Court stated that "[t]he Delaware Legislature has adopted an employment discrimination statute that is practically identical to its federal counterparts."[8] In so doing, "Delaware's employment discrimination statute outlines specific procedures that must be followed to assert an employment discrimination claim. Judicial review is only available after a Delaware Department of Labor Review Board hearing."[9] The Superior Court concluded that it lacked jurisdiction to hear Schuster's claim "because an elaborate statutory remedy is already in existence and has already been utilized by [Schuster]."[10] Schuster "may appeal the decision of the [Department of Labor] but may not bring a separate tort claim at law because she does not agree with the Department of Labor's decision."[11]

Delaware law prohibits employment discrimination, including discrimination based on sex, in terms almost identical to Title VII of the 1964 Civil Rights Act.[12] In Delaware, unlawful employment practices are set forth in the Delaware Discrimination in Employment Statute, which empowers the Department of Labor to investigate allegations of discrimination, to conciliate disputes between employers and employees and to issue remedial orders upon a finding of discrimination.[13] An aggrieved employee may file a claim of discrimination with the Delaware Department of Labor.[14] The statute authorizes the Department of Labor to serve the charge upon the employer and investigate it.[15] If the Department of Labor determines that there is reasonable cause to believe that the charge is true, it will initially attempt to secure voluntary compliance through informal methods of conciliation and persuasion.[16] If the Department of Labor determines that voluntary compliance and conciliation are not possible, it will issue a complaint and institute proceedings before a review board.[17] The review board then conducts a hearing and orders the appropriate relief.[18] Any complainant aggrieved by the decision of the review board may obtain judicial review.[19] Judicial review is initiated by filing a petition in the Court of Chancery within thirty days of the decision of the review board.[20] The Court of

---

8. Order at 5 (citing 19 *Del.C.* § 710, *et seq.* and stating that these sections are "almost identical to the provisions of Title VII of the federal Civil Rights Act of 1962, *as amended*"). *Id.* at n. 5.

9. Order at 5 (citing *Drainer*, at 2).

10. *Id.* at 9.

11. *Id.* Interestingly, while the Superior Court found that Schuster may not bring a separate tort claim, Schuster, in fact, asserts a claim for a breach of contract under an implied covenant of good faith and fair dealing. Because Schuster *did not bring a tort claim*, we do not address that issue. *See Lord,* at 402–05 (dismissing a *prima facie* tort claim as being "inconsistent with the employment at-will doctrine"); *see also Konstantopoulos v. Westvaco Corp.,* Del.Supr., 690 A.2d 936, 937 (1996) (holding that "the Delaware Worker's Compensation Act precludes an employee from asserting a common law tort claim against her employer for a claim of sexual harassment"). Further, we note that Schuster brought this action before she filed with the Department of Labor and, therefore, before it dismissed her claim under 19 *Del.C.* § 710.

12. Compare 19 *Del.C.* § 711 with 42 U.S.C. § 2000e–2.

13. 19 *Del.C.* § 710 *et. seq.*

14. *Id.* at § 712(b).

15. *Id.*

16. *Id.* at § 712(c).

17. *Id.* at § 712(e).

18. *Id.* at § 712(g).

19. *Id.* at § 712(h).

20. *Id.*

Chancery has the authority to enforce the review board's order, as well as to reverse or modify the review board's order if substantial rights of the petitioner have been prejudiced.[21] The Court of Chancery has authority to grant temporary relief and restraining orders it deems just.[22] It may also award attorney's fees.[23]

In this case, the Department of Labor dismissed Schuster's charge that Derocili terminated her because she refused to submit to his alleged sexual advances. The issue then is whether Schuster may continue her common law cause of action independently of the Department of Labor's proceedings. The Superior Court relied on *Ayres v. Jacobs & Crumplar, P.A.*[24] and *Drainer v. O'Donnell*[25] to support its view that Schuster may not continue her common law cause of action because the statutory proceedings provide the exclusive remedy for her discrimination claim. The Superior Court carefully relied on precedent and followed the case law then existing in this State. Because this case presents a unique procedural and factual scenario, it is important to discuss the development of earlier cases in order to clarify Delaware law.

In *Ayres*, the plaintiff asserted a discrimination claim, among others, based on state and federal statutes as well as a discrimination claim based on an alleged breach of an implied covenant of good faith and fair dealing. After holding plaintiff's statutory discrimination claim time-barred for failing to file within the two-year statute of limitations, the court denied plaintiff's claim for breach of a covenant of good faith and fair dealing, holding that a plaintiff could not use an alleged breach of the covenant, which has a three-year statute of limitations, to escape the two-year statute of limitations on racial discrimination imposed by 42 *U.S.C.* § 1981 and § 1983.[26] The court in *Ayres* stated that if it were to recognize a cause of action for racial discrimination based upon an alleged breach of an implied covenant of good faith and fair dealing, "it would allow a plaintiff to escape the established two-year personal injury statute of limitations on racial discrimination claims in employment, e.g. § 1981 and § 1983 claims, simply by couching her allegations of racial discrimination in terms of a breach of an implied contractual obligation."[27] Schuster distinguishes *Ayres*, arguing that she had no federal sexual discrimination claim because Compliance does not meet the definition of employer, under 42 *U.S.C.* § 2000e(b), which sets a threshold of at least fifteen employees. She also argues that she is not attempting to avoid the bar of any applicable statute of limitations.

The court in *Ayres* relied on *Finch v. Hercules Inc.*,[28] a 1992 case decided by the United States Court for the District of Delaware, which, along with several other cases decided before and after *Finch*, suggests that Delaware law generally would reject common law causes of action for employment discrimination, including a cause of action based on a breach of an implied covenant of good faith and fair dealing.

**21.** *Id.*

**22.** *Id.*

**23.** *Id.* at § 712(j).

**24.** Del.Super., C.A. No. 96C–07–258 (WTQ), 1996 WL 769331, Quillen, J. (Dec. 31, 1996).

**25.** Del.Super., C.A. No. 94C–08–062, Alford, J., 1995 WL 338700 (July 28, 1995).

**26.** Ayres' federal claim was dismissed for improper service of process.

**27.** *Id.* at *12.

**28.** D.Del., 809 F.Supp. 309 (1992).

In *Finch*, the plaintiff argued that Hercules terminated him in violation of the public policy against employment discrimination based on age. The Delaware District Court, finding that the Delaware Supreme Court had not yet decided the issue, predicted that this Court "would not create a common law public policy exception to the employment at-will doctrine where there is in place an elaborate statutory scheme addressing the same public policy concerns."[29] In the same year, this Court decided *Merrill v. Crothall–American, Inc.*,[30] the first case, in fact, in which this Court recognized that an implied covenant of good faith and fair dealing may be breached in some circumstances for the termination of an at-will employee.[31] In 1996, this Court decided *DuPont v. Pressman*[32], which catalogued actionable claims that could be maintained for breaches of an implied covenant of good faith and fair dealing into four categories.[33] They include violations of public policy and terminations based upon fictitious grounds.

In *Williams v. Caruso*[34] the Delaware District Court, relying on the rationale in *Finch*, dismissed the plaintiff's claim that her employer terminated her employment in retaliation for her sexual harassment complaint, which she had argued violated public policy. The court found that the plaintiff, Williams, had not "stated a claim for breach of the implied covenant of good faith and fair dealing under existing case law."[35]

In *Drainer*, the Superior Court dismissed Drainer's complaint that she resigned after her employer failed to address property an incident of sexual harassment. The Superior Court held that it lacked subject matter jurisdiction over Drainer's as well as any sexual harassment claim because "Delaware has not recognized a common law cause of action for employment discrimination, including sexual harassment."[36] The Superior Court continued stating, "Delaware's employment discrimination statute outlines specific procedures that must be followed to assert an employment discrimination claim. Judicial review is only available after a Delaware Department of Labor Review Board hearing."[37]

**29.** *Id.* at 312.

**30.** Del.Supr., 606 A.2d 96 (1992).

**31.** *See Merrill*, at 101 (holding that "every employment contract made under laws of this State, consonant with general principles of contract law, includes an implied covenant of good faith and fair dealing"). *Id.*

**32.** Del.Supr., 679 A.2d 436, 441–44 (1996).

**33.** *See Lord v. Souder*, Del.Supr., 748 A.2d 393, 400 (2000). The four categories are: (i) where the termination violated public policy; (ii) where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one; (iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.

**34.** D.Del., 966 F.Supp. 287 (1997).

**35.** *Id.* at 292. It is also important to note that the court in *Williams* held that 19 *Del.C.* § 726 precluded Williams from bringing a claim based on retaliatory discharge. While section 726 does address retaliatory discharge, it addresses it only in the context of employment discrimination based on handicapped persons. *See* 19 *Del.C.* § 720 *et. seq.*, Delaware's Handicapped Persons Employment Protection Act.

**36.** *Id.* at *2 (citing *Wright*, 813 F.Supp. at 1091; *Chalawsky v. Sun Refining and Marketing Co., Inc.*, D.Del., 733 F.Supp. 791, 799 (1990)).

**37.** *Id.*

The court in *Drainer* relied on *Wright v. ICI Americas Inc.* In *Wright*, the Delaware District Court dismissed Wright's state law claim that Wright brought directly under 19 *Del.C.* § 711. The District Court reviewed section 712 and determined that "[n]owhere, within this detailed statutory framework is there even a suggestion of private remedies for aggrieved employees." [38] The District Court found that it would "not presume that the Delaware legislature intended remedies it did not include in the statute." [39]

The *Wright* court in turn relied on *Chalawsky v. Sun Refining and Marketing Co. Inc.*,[40] which dismissed a state law claim for age discrimination brought directly under 19 *Del.C.* § 711. After explaining that the Department of Labor review board had dismissed Chalawsky's case, the District Court found that Chalawsky did not have a right to sue under sections 711 and 712 because he had exhausted his state remedies.[41]

■ Schuster does not assert that her claim arises directly from section 711. Instead she asserts a common law claim for a breach of an implied covenant of good faith and fair dealing derived from her contract of employment. Therefore we do not decide that a plaintiff may assert a private cause of action for employment discrimination based on sexual harassment on the theory that the Delaware legislature "intended [such] remedies" under Sections 711 and 712.[42] We do today, for the first time, decide that a person may assert a cause of action for breach of an implied covenant of good faith based upon a termination alleged to have resulted from a refusal to condone sexual advances. This private cause of action flows directly from Delaware's clear and firmly rooted public policy to deter, prevent and punish sexual harassment in the workplace.

Schuster contends that Derocili owed her certain obligations regarding her at-will employment contract under an implied covenant of good faith and fair dealing. Schuster contends that Derocili violated that implied covenant of good faith and fair dealing contained in her at-will employment contract when he allegedly terminated her employment as a result of her refusal to submit to his sexual advances. Schuster argues that she may enforce the public policy of this State by bringing an action against her employer based upon his breach of this implied covenant of good faith and fair dealing.

Schuster argues that sexual harassment in the workplace violates the public policy expressed in 19 *Del.C.* § 711, which prohibits discrimination in employment prac-

---

38. *Wright*, at 1091.

39. *Id.* (citing *Chalawsky*, at 799).

40. D.Del. 733 F.Supp. 791 (1990).

41. *Id.* at 799.

42. *Mann v. Oppenheimer & Co.*, Del.Supr., 517 A.2d 1056, 1064–66 (1986) (adopting test applied by the U.S. Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)). The three-part test asks whether: (1) Is the plaintiff a member of the class for whose special benefit the statute was enacted? (2) Is there any indication of a legislative intent, express or implied, to create a private remedy or deny one? (3) Is it consistent with the underlying purpose of the legislative plan to imply a private remedy? *See also, Brett v. Berkowitz*, Del.Supr., 706 A.2d 509 (1998) (holding plaintiff may not bring private cause of action under the criminal statute criminalizing sexual harassment); *see generally, Miller v. Spicer*, 602 A.2d 65, 67–68 (1991) (finding no private cause of action under Delaware's Equal Accommodation Act, 6 *Del.C.* § 4501 *et. seq.*); *but see Heller v. Dover Warehouse Market, Inc.*, Del.Supr., 515 A.2d 178 (1986) (holding private cause of action consistent with underlying purposes of 19 *Del.C.* § 704, Delaware's anti-polygraph statute, as well as promoting the policy of the statute to assure its effectiveness).

tices, including discharge of any individual because of sex and 11 *Del.C.* § 673, which criminalizes sexual harassment.[43] Schuster concludes that her allegations that her employer violated Section 711 and Section 673, in addition to other criminal statutes she lists,[44] identify an explicit and recognizable public policy, which she as an employee had an interest in advancing in order to prevent sexual harassment in her own workplace. We agree.

In *DuPont v. Pressman*, we held that an employee was entitled to recover damages for wrongful termination based on fictitious grounds, as an application of the good faith and fair dealing exception to the employment-at-will doctrine.[45] In doing so, we also held that the employee in that case was not entitled to recover under the public policy exception recognized in some cases "since he does not identify an explicit and recognizable public policy." [46]

Because of our holding in *Pressman* on the inapplicability of the public policy exception to the facts of that case, *Pressman* did not involve the issue of the employee's standing to assert the public policy excep-

tion. In cataloguing the various exceptions to the employment-at-will doctrine, we cited several cases applying the public policy exceptions,[47] including the Court of Chancery decision in *Shearin v. E.F. Hutton Group, Inc.*, where that Court recognized that the public policy exception may apply to a lawyer-employee wrongfully fired for refusing to violate her ethical duties.[48] In *Shearin*, the lawyer-employee had an independent professional duty as a member of the bar under the Delaware Lawyers' Model Rules of Professional Conduct to advance or sustain compliance with ethical principles.[49]

We recognize that the Delaware Discrimination in Employment Statute establishes a procedural scheme within which employees may assert discrimination claims. It outlines the procedure to be used in effectuating a discrimination claim, including appellate review, as well as the authority of the Department of Labor to enforce the statute's mandate. The statute, however, is silent on whether a plaintiff may file a separate cause of action independently of the statute. The statute

**43.** A 1990 Delaware law criminalized sexual harassment generally. The statute defines sexual harassment to be when a person "threatens to engage in conduct likely to result in the commission of a sexual offense against any person" or when a person "suggests, solicits, requests, commands, importunes or otherwise attempts to induce another person to have sexual contact or sexual intercourse or unlawful sexual penetration with him, knowing that he is thereby likely to cause annoyance, offense or alarm to that person." Section 673(1)–(2).

**44.** Schuster lists offensive touching, unlawful sexual contact in the third degree, lewdness, prostitution and patronizing a prostitute. Appellant's Op.Br. at 8.

**45.** 679 A.2d at 442–44.

**46.** *Id.* at 442.

**47.** *Id.* at n. 13.

**48.** Del.Ch., 652 A.2d 578, 587–89 (1994) (an employee asserting the public policy exception "must assert a public interest recognized by some legislative, administrative or judicial authority, and the employee must occupy a position with responsibility for that particular interest.").

**49.** We note that this Court in *Lord v. Souder*, Del.Supr., 748 A.2d 393, 401 (2000), referred incorrectly to the two-part test as a *Pressman* "holding." Nevertheless, the *Souder* Court held correctly that the four exceptions to the employment-at-will doctrine noted in dicta in *Pressman* are exclusive. In *Souder*, the plaintiff who was not a victim of defalcations by another employee or a manager charged with a duty by the organization to enforce honesty in the conduct of other employees did not have standing to assert the public policy exception.

neither explicitly includes nor explicitly proscribes a separate cause of action based on a common law claim for breach of contract. While this Court will not "engraft upon a statute language which has been clearly excluded therefrom by the Legislature," [50] because of the insidious nature of sexual harassment in the workplace, we conclude that the General Assembly intended to combat sexual harassment in an expansive rather than restrictive scheme. The statute in question does not explicitly state that the remedies contained within it are exclusive to all others, therefore, it is entirely consistent with the General Assembly's intention to promote civilized conduct in the workplace to allow private causes of action for breach of contract based upon termination solely caused by a failure to respond to unwanted sexual advances by an employer.

The Delaware General Assembly could have written the provisions of Section 712 to preclude any common law cause of action. Delaware's Workers' Compensation Statute is an ideal example of the General Assembly's intention to preclude common law claims, when it chooses to do so. Title 19 *Del.C.* § 2304 states that every employer and employee, adult and minor, "except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies." This section has been held to preclude common law claims based on the Worker's Compensation Statute. [51] Exceptions have been found only where the claim is based on a bad faith breach of contract, such as an insurer's delay in making payments. [52]

## IV

Whether sexual harassment in the workplace violates the public policy of this State is not in dispute. The issue in dispute here is whether Schuster occupied a position with responsibility for implementing this State's public policy to combat sexual harassment in the workplace.

■ In its Order granting Derocili summary judgment, the Superior Court found that Schuster failed to assert a responsibility for implementing a recognized public interest. The Superior Court stated that Schuster "must satisfy a two-part test to demonstrate a breach of the covenant of good faith and fair dealing under the public policy category: (1) the employee must assert a public interest recognized by some legislative, administrative or judicial authority and (2) the employee must occupy a position with responsibility for advancing or sustaining that particular interest." [53] The Superior Court found that Schuster "has not, and cannot, demonstrate to the Court that she has the responsibility for implementing a recognized public interest; therefore, her public policy exception claim must fail." [54] We disagree and hold that nothing in *Pressman* or *Souder* is a bar to this plaintiff's standing to enforce the public policy exception.

Schuster contends that because she was as an employee to whom Derocili allegedly

---

**50.** See *General Motors Corp. v. Burgess*, Del. Supr, 545 A.2d 1186, 1191 (1988) (citing *Giuricich v. Emtrol*, 449 A.2d 232, 238 (1982)).

**51.** See *Kofron v. Amoco Chems. Corp.*, Del. Supr., 441 A.2d 226 (1982); *Diamond State Tel. Co. v. University of Delaware*, Del.Supr., 269 A.2d 52 (1970); *GMC v. McNemar*, Del. Supr., 202 A.2d 803 (1964).

**52.** See, e.g., *Pierce v. International Ins. Co. of Illinois*, Del.Supr., 671 A.2d 1361 (1996).

**53.** Opinion at 7 (citing *Pressman*, at 442).

**54.** *Id.* at 8 (citing *Lord*, at 401).

made sexual advances, she necessarily occupied a position with responsibility for advancing public policy condemning that conduct. She argues that if in fact the statutory remedy is not exclusive, and there exists a private cause of action in contract, then if she cannot assert the public policy designed to protect her by asserting that common law cause of action, it would be legally impossible for any person similarly situated to enforce the public policy exception asserted here. The common law private cause of action would be meaningless. We agree. Unlike the plaintiff in *Lord v. Souder* who was not a victim of a wrong proscribed by public policy or a manager charged with a duty to enforce rules of the organization, Shuster is an alleged victim directly injured by the alleged public policy breach. Accordingly, she has standing.

Because at-will employment has such a deep-rooted history, few exceptions have been created. One exception is where termination violates public policy. Many cases in which the plaintiff argued that the termination violated public policy involved a plaintiff who objected to certain business decisions or refused to perform work-related duties because those business decisions and work-related duties violated public policy.[55] Combating sexual harassment in the workplace, however, has nothing to do with deterring or thwarting a company from pursuing its legitimate business goals.

Sexual harassment in the workplace is a systemic social problem that involves a personal assault on the recipient. Preventing it is of immense social value, and combating it promotes the public policy of this State. As such, the unfortunate recipient of unwelcomed sexual advances holds a position of responsibility contemplated by the public policy exception. We do not believe that standing to assert a claim for sexual harassment is confined to human resource or compliance officers who are duty bound by the organization and the law to enforce standards of conduct within a business and thereby excludes alleged victims of sexual harassment from standing. Therefore, we find that Schuster occupied a position with responsibility for advancing Delaware's policy of preventing sexual harassment in the workplace.[56]

Our recognition of this compelling necessary exception in no way constitutes an overbroad application of the implied covenant of good faith and fair dealing that could thereby swallow the at-will employment doctrine and effectively end at-will employment. We merely recognize a common law cause of action that provides employees with an important weapon to advance Delaware's avowed policy to assure civilized conduct in the workplace.

■ We hold, therefore, that Delaware recognizes a common law cause of action for a breach of a covenant of good faith and fair dealing implied in an at-will em-

**55.** *See, e.g., Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, 417 A.2d 505 (1980) (involving physician discharged for refusing to conduct research using a substance physician personally opposed); *Sheets v. Teddys' Frosted Foods*, 179 Conn. 471, 427 A.2d 385 (1980) (involving quality control director discharged for identifying deviations from company standards); *Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974) (involving steel salesman discharged for protesting the sale of unsafe product).

**56.** We agree with the approach taken by the New Hampshire Supreme Court in *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974) In *Monge,* the New Hampshire Supreme Court held that an employer breached the covenant of good faith and fair dealing when it terminated an employee for refusing the sexual demands of her foreman. We believe that Delaware's public policy should be interpreted to encourage every employee to resist sexual harassment and to combat it vigorously.

ployment contract where a plaintiff alleges that her termination directly resulted from her refusal to succumb to sexual harassment in the workplace.

## V

■ We next consider whether Schuster has a valid cause of action implied from her complaint's allegations that Derocili deceitfully manufactured false grounds for her dismissal or manipulated employment records to create fictitious grounds for termination. *Pressman* suggests that a cause of action may arise from "acts of the employer manifesting bad faith or unfair dealing achieved by deceit or misrepresentation in falsifying or manipulating a record to create fictitious grounds to terminate employment."[57] Schuster alleged that Derocili contrived fictitious reasons of poor work quality to support her employment termination. Given that she asserted receiving performance-based bonuses as well as passing the required probationary period, there exists a material issue of fact in dispute. Viewing the facts of this case in a light most favorable to Schuster, it appears that she has made a *prima facie* claim that she has suffered harm derived "from [Derocili's alleged] creation of false grounds and manufacturing a record in order to establish a fictitious basis for termination."[58] Schuster has presented evidence that a jury may believe that Derocili "did these acts, and did them intentionally, [therefore,] they amounted to a breach of the Covenant."[59] We therefore

grant Schuster, on remand, leave to amend her complaint to include a cause of action that Derocili violated an implied covenant of good faith and fair dealing when he allegedly falsified or misrepresented the record to create fictitious grounds to terminate Schuster's employment.

## VI

■ Schuster also argues that Derocili committed slander *per se* when he qualified her work as substandard in the presence of her co-worker, Goff.[60] Derocili argues that Schuster fails to show damage to her reputation in the community. Specifically, we find that Schuster's claim necessarily fails because it lacks publication, a necessary element to support a claim of slander.[61] The statements were made solely in the presence of Schuster and her supervisors. There is no evidence in the record that these statements were published to any third party. We therefore **AFFIRM** the Superior Court's grant of summary judgment on the defamation by slander claim.

## VII

■ We hold that Schuster's complaint alleged a valid cause of action for breach of an implied covenant of good faith and fair dealing arising from her at-will employment contract based upon her refusal to succumb to alleged sexual advances made by her employer in the workplace. Sexual harassment in the workplace violates not only the statute against discriminatory dis-

---

**57.** *See Pressman*, 679 A.2d at 443–44; *see also Lord*, 748 A.2d at 400.

**58.** *See Pressman*, at 444.

**59.** *Id.*

**60.** Schuster contends that Derocili defamed her by making a statement that maligned her in her business or trade, one of the four slander *per se* categories in *Spence v. Funk*, Del.Supr., 396 A.2d 967, 970 (1978).

**61.** *See Henry v. Delaware Law School of Widener University*, Del.Ch., C.A. No. 8837, Lamb, V.C., 1998 WL 15897 (Jan. 12, 1998) *aff'd*, Del.Supr., 718 A.2d 527 (1998) (affirming Court of Chancery finding that assuming statements were defamatory, liability will not attach unless plaintiff establishes an unprivileged communication of the statements to a third party).

charge based on sex, it also violates the criminal laws and therefore the public policy of this State to prevent and combat sexual harassment.[62] Because Schuster's employer directed unwanted sexual advances to Schuster personally, she had an individual responsibility to prevent or combat sexual harassment in her workplace. Further, her complaint contains sufficient facts to justify a cause of action based upon an allegation that Derocili deceitfully manufactured a false basis for her termination. Schuster's complaint does, therefore, state causes of action with genuine issues of material fact in dispute and Derocili was not entitled to summary judgment. We therefore **REVERSE** the Superior Court in part, **AFFIRM**, in part and **REMAND** this case for proceedings consistent with this opinion.

**62.** It is important to distinguish this case from *Brett v. Berkowitz,* Del.Supr., 706 A.2d 509 (1998) in which this Court determined that no private cause of action exists for sexual harassment based upon 11 *Del.C.* § 673, which criminalizes sexual harassment. In this case, it is the violation of the public policy embedded in the implied covenant of good faith and fair dealing that gives rise to the cause of action not the criminal statute.