ALTON CANNON, Plaintiff BelowA-ppellant,
v.
THE NEWS JOURNAL and DENISE K. STYPINSKI, Defendants BelowA-ppellees.
No. 214, 2008
Supreme Court of Delaware.
Submitted: October 3, 2008
Decided: November 18, 2008
Before HOLLAND, BERGER and RIDGELY, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 18th day of November 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The plaintiff-appellant, Alton Cannon, filed an appeal from the Superior Court's April 22, 2008, order dismissing his complaint for failure to state a claim upon which relief may be granted.[1] We find no merit to the appeal. Accordingly, we affirm.
(2) In October 2007, Cannon filed a charge of discrimination against The News Journal with the United States Equal Opportunity Commission ("EEOC") and the Delaware Department of Labor ("DOL"). Cannon claimed that The News Journal's refusal to hire him on the basis of his criminal record[2] constituted illegal discrimination under Title VII of the Civil Rights Act of 1964[3] and the Delaware Discrimination in Employment Act ("DEA").[4] In December 2007, after determining that Cannon's claim lacked merit because the DEA does not prohibit discrimination based upon an individual's criminal record, the DOL issued Cannon a notice of dismissal and a right to sue letter.[5]
(3) In March 2008, Cannon filed a complaint in the Superior Court against The News Journal and News Journal employee Denise K. Stypinski (collectively, "The News Journal") alleging that The News Journal: (a) discriminated against him because it refused to hire him based upon his criminal record; (b) falsely advertised that it was an "equal opportunity employer;" and (c) breached a duty of care owed to Cannon. In this appeal from the Superior Court's dismissal of his complaint, Cannon claims that the Superior Court committed legal error when it dismissed his complaint for failure to state a claim and abused its discretion when it denied his motion to proceed IFP.[6]
(4) Cannon first argues that the Superior Court erred when it dismissed his discrimination claim. The DEA governs claims of discrimination in Delaware.[7] Under the DEA, employment discrimination is prohibited only with respect to the protected classes of race, marital status, genetic information, color, age, religion, sex and national origin.[8] Any person claiming to be aggrieved by a violation of the DEA must file a charge of discrimination with the DOL[9] and must establish a prima facie case by showing, among other things, that he or she is a member of a protected class.[10] Because Cannon cannot demonstrate that having a criminal record places him within a protected class under the DEA, we conclude that his claim of error on the part of the Superior Court in dismissing his discrimination claim is without merit.[11]
(5) Cannon next argues that the Superior Court erred as a matter of law when it dismissed his false advertising claim against The News Journal. It is undisputed that The News Journal advertises itself as an "equal opportunity employer." However, that statement is not at odds with its refusal to hire Cannon on the basis of his criminal record. In the absence of any evidence that The News Journal discriminated against Cannon by virtue of his membership in a protected class under the DEA, we conclude that Cannon's claim of error on the part of the Superior Court in dismissing his false advertising claim is without merit.
(6) Cannon's final argument is that The News Journal breached its duty to him as an invitee to The News Journal's job fair. It is undisputed that The News Journal sponsored a job fair that was attended by Cannon. It also is undisputed that, while Cannon was at the fair, a representative of The News Journal made an announcement that no one who had been convicted of a violent crime would be hired by The News Journal. Cannon has failed to state a claim against The News Journal on these grounds. First, The News Journal only had a duty to Cannon as an invitee to the job fair to warn him of any dangerous conditions on the property.[12] Cannon has presented no evidence of a failure to warn of any such conditions. Second, the essence of Cannon's claim is discrimination, for which the DEA is the exclusive remedy in the Delaware courts.[13] As such, we conclude that Cannon's claim that the Superior Court erred in dismissing his claim of a breach of duty is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.[14]
NOTES
[1] Super. Ct. Civ. R. 12(b)(6) (2008). Cannon also appeals from the Superior Court's denial of his request to proceed in forma pauperis ("IFP").
[2] Cannon stated on his employment application that in 1989 he was convicted of Assault in the Second Degree and Unlawful Sexual Contact in the First Degree. Although Cannon is African-American, he did not claim that he was discriminated against on the basis of his race.
[3] 42 U.S.C. § 2000e et seq. (2008).
[4] Del. Code Ann. tit. 19, § 710 et seq. (2008).
[5] Del. Code Ann. tit. 19, § 712(c)(3) and (5) (2008). It does not appear that the EEOC has yet responded to Cannon's complaint.
[6] To the extent that Cannon presents additional discrimination claims in this appeal that were not presented to the Superior Court in the first instance, we decline to address any such claims. Supr. Ct. R. 8.
[7] Schuster v. Derocili, 775 A.2d 1029, 1033 (Del. 2001).
[8] Del. Code Ann. tit. 19, § 711(a)(1) (2008).
[9] Del. Code Ann. tit. 19, § 712(c)(1) (2008).
[10] Giles v. Family Court of Delaware, 411 A.2d 599, 601-02 (Del. 1980).
[11] Moreover, Cannon's claim against Stypinski is barred since the DEA does not contemplate liability against individual employees. Del. Code Ann. tit. 19, § 710 et seq.
[12] Spencer v. Wal-Mart Stores East, LP, 930 A.2d 881, 884-86 (Del. 2007). See also Gallo v. Buccinil Pollin Group, 2008 WL 836020, at *3 (Del. Supr.) (citing Ward v. Shoney's, 817 A.2d 799, 802 (Del. 2003)).
[13] Schuster v. Derocili, 775 A.2d at 1033.
[14] We also conclude that the Superior Court acted within its discretion when it denied Cannon's request to proceed IFP.