NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2065
_____

MICHAEL A. WHALEY;
VALERIE M. ROBINSON,
                              Appellants

v.

LEWIS D. SCHILIRO, Secretary; DELAWARE DEPARTMENT
OF SAFETY AND HOMELAND SECURITY, Division of State Police

_____

On Appeal from the District Court
for the District of Delaware
(D. Del. No. 1-12-cv-00633)
District Judge: Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 15, 2016

Before: MCKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Filed: March 16, 2016)

_____

OPINION*
_____

SCIRICA, *Circuit Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This is an action alleging race discrimination and retaliation. Appellants Michael Whaley and Valerie Robinson, both African-American, were Delaware State Police officers. After an investigation conducted by the Delaware Division of State Police uncovered evidence they fraudulently overstated the number of hours worked, Whaley and Robinson were charged with theft by false pretense and official misconduct, misdemeanor charges to which they pled guilty. Subsequently the officers filed suit against Michael Schiliro, the Delaware Secretary of Homeland Safety and Security, contending the investigation had a racially discriminatory and retaliatory motive. The District Court granted summary judgment in favor of Schiliro. We will affirm. [1]

## I.

The Delaware Division of State Police received information suggesting that some state police officers were inflating the number of hours they worked while performing overtime "off-duty" assignments.[2] Upon investigation, the Division concluded there were grounds for criminal prosecution. The matter was referred to the state Attorney General who conducted a criminal investigation and brought charges against Whaley and Robinson.[3] The officers pled guilty to misdemeanor charges of theft by false pretense, 11 Del. C. § 843, and official misconduct, 11 Del. C. § 1211(3). Under the plea agreements,

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291.

[2] As part of their duties, Delaware state police may be required to perform certain "off-duty" assignments that are compensated at overtime rates. One of those duties—which Whaley and Robinson were engaged in while overstating their hours—includes transportation of individuals subject to an involuntary psychiatric commitment.

[3] A third state police officer, who is Caucasian and is not involved in this lawsuit, also pled guilty to identical charges and paid restitution and fines in the amount of $789.12 and $500, respectively Several other officers were also investigated by the Division, but charges were not brought against them because of insufficient evidence.

Whaley and Robinson paid restitution and fines,[4] forfeited their police training certifications, and agreed not to work in any law enforcement capacity in Delaware again. They retired with full pension and health benefits.

Following retirement, Whaley and Robinson sued Michael Schiliro in his official capacity, because his department had ultimate authority over the state police. Whaley and Robinson alleged the Division of State Police discriminated and retaliated against them on the basis of race in violation of federal and state statutes.[5] The District Court granted summary judgment in favor of Schiliro finding no evidence of a discriminatory or retaliatory motive.

## II.[6]

### A.

Whaley and Robinson contend Schiliro's department violated their civil rights under 42 U.S.C. § 1981, which proscribes discrimination on the basis of race. 42 U.S.C.

---

[4] Whaley paid restitution of $2,187.11 and fines of $932.95. Robinson paid restitution of $2,000 and fines of $1,500.

[5] Whaley and Robinson alleged violation of their civil rights under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Delaware Discrimination in Employment Act, 19 Del. C. § 711(a).

[6] We review a district court's grant or denial of summary judgment *de novo*. *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015). Summary judgment may be appropriately granted where there "is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To be material, a fact must have the potential to alter the outcome of the case." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011). When considering whether summary judgment is appropriate, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). "An inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014).

§ 1981(a). They admitted they sued Schiliro only because he headed the department which controlled the state police—in other words, they sued him in his official capacity. "But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Because Whaley and Robinson press their claims against a state actor, 42 U.S.C. § 1983 "provides the exclusive federal remedy for violation of the rights guaranteed in Section 1981." *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 735 (1989); *McGovern v. Phila.*, 554 F.3d 114, 121 (3d Cir. 2009). Although they failed to plead a claim under Section 1983, the District Court analyzed their Section 1981 claim under Section 1983, and we do so as well.

The Eleventh Amendment of the United States Constitution bars claims under Section 1983 against state actors unless the state has waived its sovereign immunity. Here, the parties do not dispute that the Department of Safety and Homeland Security is a state agency for sovereign immunity purposes, and Delaware has not waived its sovereign immunity. *See Del. Dep't of Health and Soc. Servs. v. Sheppard*, 864 A.2d 929 (Del. 2004); *see also Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002).

Whaley and Robinson attempt to avoid this legal barrier by contending they sued Secretary Schiliro in his official and individual capacities. Although individual suits against government officials are not barred by sovereign immunity, *see MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503, 506 (3d Cir. 2001), they did not plead a claim against Schiliro individually and we cannot infer one from their Complaint. Even if we

4

could infer an individual claim, the record is devoid of any evidence Schiliro was personally involved in the investigation. Whaley's and Robinson's theory of individual liability against Schiliro is based solely on his position as ultimate head of an agency which controls the Division of State Police. But a suit against a government official in a civil rights action "cannot be predicated solely on the operation of respondeat superior." *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *MCI Telecomm. Corp.*, 271 F.3d at 506.

Accordingly, we agree with the District Court that Whaley's and Robinson's Section 1981 claims and Section 1983 claims are barred by sovereign immunity.

**B.**

Whaley and Robinson also contend they were discriminated and retaliated against on the basis of their race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 711(a).[7] Title VII and the DDEA both prevent discrimination by an employer on the basis of race. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 212 (3d Cir. 2015); *Schuster v. Derocili*, 775 A.2d 1029, 1033 (Del. 2001). We analyze these claims under the same framework, using the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Schuster*, 775 A.2d at 1033; *Riner v.*

---

[7] Robinson conceded in her memorandum of law in opposition to summary judgment that she was not asserting claims under Title VII or the Delaware Discrimination in Employment Act because she did not file an administrative charge of discrimination with the Equal Employment Opportunity Commission or the Delaware Department of Labor. But the District Court ruled on those claims, and she appears to assert them on appeal. We need not decide whether there has been a waiver because we conclude those claims would fail even if they were not waived.

*Nat'l Cash Register*, 434 A.2d 375, 376 (Del. 1981).

We agree with the District Court that Whaley and Robinson have presented no evidence that could support a prima facie case of discrimination or retaliation. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008); *Moore v. Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). Beyond their conjecture, they presented no evidence they were investigated and charged with crimes because of their race. *See Halsey* 750 F.3d at 287. On the contrary, the record demonstrates they were charged with crimes because they were violating the law.

## IV.

We will affirm the grant of summary judgment to defendant.