# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HENRY CHARLES SENCHERY,              )
                                     )
          Plaintiff,                 )
                                     )  C.A. No. N19C-12-238 MMJ
          v.                         )
                                     )
MIDDLETOWN POLICE DEPT,              )
                                     )
          Defendant.                 )

Submitted: July 7, 2020
Decided: August 3, 2020

On Defendants' Motion to Dismiss
**GRANTED**

## ORDER

Henry Charles Senchery, *Plaintiff Pro Se*

Scott G. Wilcox, Esq., Moore & Rutt, P.A., Wilmington, Delaware, *Attorneys for Defendant*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

Defendant Middletown Police Department arrested Plaintiff Henry Charles Senchery on April 30, 2019 and charged him with three counts of receiving stolen property over $1,500, and second-degree conspiracy related to an alleged international car theft ring.[1]

---

[1] Compl. ¶¶ 3, 6.

1

In the days following Plaintiff's arrest, several media outlets published articles regarding Plaintiff's arrest and the suspected criminal enterprise.[2] Plaintiff subsequently filed this defamation action against Defendant on December 31, 2019.[3] Specifically, Plaintiff claims that Defendant published statements that Plaintiff was: (1) part of an international theft ring; (2) running a stolen car ring, out of a garage on the 200 block of West Lake Street in Middletown, aimed to be shipped overseas; and (3) the subject of a lengthy investigation.[4]

## STANDARD OF REVIEW

### *Failure to State a Claim*

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[5] The Court must accept as true all well-pleaded allegations.[6] Every reasonable factual inference will be drawn in the non-moving party's favor.[7] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[8]

---

[2] *Id.* ¶ 7 & Exs.
[3] Trans. I.D. 64567171.
[4] *Id.* ¶ 8.
[5] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[6] *Id.*
[7] *Wilmington Sav. Fund Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[8] *Spence*, 396 A.2d at 968.

In deciding a motion to dismiss, this Court must accept as true all well-pled factual allegations, but it need not accept as true any conclusory statements or allegations contradicted by documents on which the Complaint is based.[9] Moreover, the Court must draw inferences logically flowing from the Complaint in favor of Plaintiff, but only if such inferences are reasonable.[10]

## ANALYSIS

### *Defamation*

"Defamation is generally understood as a 'false publication calculated to bring one into disrepute.'"[11] The elements of a claim for defamation are: (1) defamatory communication; (2) publication; (3) reference to the plaintiff; (4) third party's understanding of the communication's defamatory character; and (5) injury.[12] "Under Delaware law there is no liability for defamation when a statement is determined to be substantially true."[13]

---

[9] *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 139 (Del. Ch. 2003); *Metro Comm. Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 144 (Del. Ch. 2004).

[10] *Grobow v. Perot*, 539 A.2d 180, 187 (Del. 1988), *rev'd on other grounds by Brehm v. Eisner*, 746 A.2d 253–54 (Del. 2000).

[11] *Naples v. New Castle Cty.*, 2015 WL 1478206, at *12 (Del. Super.) (quoting *Read v. Carpenter*, 1995 WL 945544, at *2 (Del. Super.), *aff'd*, 127 A.3d 399 (Del. 2015)).

[12] *Id.*

[13] *Riley v. Moyed*, 529 A.2d 248, 253 (Del. 1987) (citing *Gannett Co., Inc. v. Re*, A.2d 553, 557 (Del. 1985)).

3

*Publication*

Defendant argues that Plaintiff's claim fails because Plaintiff has not alleged that the Defendant published the statements, but that media outlets published the statements.

Publication is a necessary element of defamation.[14] In order to prove publication, Plaintiff must establish an unprivileged communication of the statements to a third party.[15]

Here, Plaintiff alleges that Defendant stated that Plaintiff was involved in an international car theft ring and was the subject of a lengthy investigation. Plaintiff attached to his Complaint articles discussing his arrest, purportedly based on court documents and statements by Middletown Police.

Plaintiff also asserts that statements regarding his political affiliations were published which resulted in injury to him. Plaintiff has not alleged that Defendant published statements related to Plaintiff's political affiliations, but that certain of the media outlets reporting on Plaintiff's arrest made such statements. Thus, with

---

[14] *Schuster v. Derocili*, 775 A.2d 1029, 2040 (Del. 2001).
[15] *See Henry v. Delaware Law School of Widener University*, 1998 WL 15897 (Del. Ch.) *aff'd*, 718 A.2d 527 (Del. 1998) (affirming Court of Chancery finding that liability will not attach unless plaintiff establishes an unprivileged communication of the statements to a third party).

regard to statements relating to Plaintiff's political affiliations, Plaintiff has not sufficiently pled that Defendant is liable for defamation.

*Defamatory Communication*

Plaintiff claims that his *arrest* was wrongful.

"Under Delaware law there is no liability for defamation when a statement is determined to be substantially true."[16]

Plaintiff does not dispute the fact he was arrested for his alleged involvement in what was "*believed* to be" in an international car theft ring, nor does Plaintiff contest that he was the subject of a lengthy investigation. Even with regard to statements discussing Plaintiff's political affiliations, Plaintiff does not assert that the statements are untrue. Plaintiff asserts only that he was not actually involved in an international car theft ring.

*Injury*

Plaintiff seeks damages in the amount of $150,000,000. Plaintiff alleges that Defendant's statements "stirred up controversy" in Ghana.[17] Plaintiff also refers generally to "emotional and psychological trauma"[18] and "economic injuries"

---

[16] *Riley v. Moyed*, 529 A.2d at 253.
[17] Pl.'s Ans. Br. ¶ 5.
[18] *Id.*

5

stemming from the articles' impact on his "business dealings and relationships with customers and clients...."[19]

Plaintiff further refers to damages from seizure of property upon his arrest, but does not explain the causal relationship between defamation and the property seized during Plaintiff's arrest.

Plaintiff also attached alleged damages to statements—that he does not dispute are true—regarding his political affiliation, which he did not allege were communicated by Defendant, but by media outlets not named in his Complaint.

*Tort Claims Act*

Even if Plaintiff had properly pled all the elements of defamation, Delaware Code Title 10, Section 4011 (the "Tort Claims Act") prevents recovery. The Tort Claims Act provides that: "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[20]

Plaintiff argues that his claim falls within an exception to the Tort Claims Act. Section 4011(c) provides that: "An *employee* may be personally liable for acts or omissions causing *property damage, bodily injury or death* in instances in which the governmental entity is immune under this section, but only for those acts

---

[19] *Id.* ¶ 7.
[20] 10 *Del.* C. § 4011(a).

6

which were not within the scope of employment or which were performed with wanton negligence or wilful and malicious intent."[21]

Plaintiff has not brought this action against employees of the Defendant either as individuals or in their capacities as employees. Defendant has not pled facts which, if accepted as true, would lead to a reasonable inference that any employees of the Defendant were acting outside the scope of their employment or were acting with wanton negligence or willful and malicious intent.

Plaintiff also fails to allege specific property damage or bodily injury causally related to his defamation claim as required by the Tort Claims Act exception.[22]

### Seizure of Property

Plaintiff purports to bring a claim for seizure of property. Such a claim is not recognized by the Court. Plaintiff fails to demonstrate a *prima facie* case for how seizure, during the execution of an arrest, of property that is the subject of the

---

[21] *Id.* § 4011(c) (emphasis added).

[22] *Id.*; *see also Dickerson v. Phillips*, 2012 WL 2236709, at *2 (Del. Super.), appeal dismissed, 49 A.3d 1192 (Del. 2012); *Wilcher v. City of Wilmington*, 60 F. Supp. 2d 298, 307 (D. Del. 1999) (claims of embarrassment and humiliation do not satisfy bodily injury requirement under § 4011(c)); *Dale v. Town of Elsmere*, 702 A.2d 1219, 1222–23 (Del. 1997) ("[E]conomic harm alone does not constitute "property damage" as that term is used in the Act.").

7

relevant investigation, would give rise to any specific tort claim. Any such tort also would fall within the Tort Claims Act. [23]

### *Leave to Amend the Complaint*

The Court notes that Plaintiff in his opposition to Defendant's motion requested leave to amend the Complaint. However, Plaintiff has not filed a motion for leave to amend the Complaint.

## CONCLUSION

The Court finds that Plaintiff has failed to plead a *prima facie* case for defamation. The Tort Claims Act grants immunity to, and thus prevents recovery from Defendant. Plaintiff has not pled facts which, if accepted as true, would satisfy the requirements of the Tort Claims Act exception. **THEREFORE,**

---

[23] Even if Plaintiff pleads property damage, he also must show that the governmental entity is exposed to liability for its negligent acts or omissions causing property damage in the following instances:

> (1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.

> (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

> (3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water. 10 *Del.* C. § 4012.

Defendant's Motion to Dismiss for failure to state a claim pursuant to Rule

12(b)(6) is hereby **GRANTED.**

**IT IS SO ORDERED.**

The Hon. Mary M. Johnston